GEORGE L. SHINN, RESPONDENT, v. HENRY M. BLACK, APPELLANT.

Submitted December 5, 1921—Decided March 6, 1922.

This case held to be within the rule laid down in *Naumberg* v. *Young*, 44 *N. J. L.* 331, that where the parties have put their contract in writing, the written contract shall be the only evidence of the contract as finally concluded, and that oral testimony of what was said or done during the negotiations will not be admitted either to contradict the written contract or to supply terms with respect to which the writing is silent.

On appeal from the Supreme Court.

For the appellant, *Aaron V. Dawes.*

For the respondent, *George B. Evans.*

The opinion of the court was delivered by

PARKER, J. The suit arose out of the sale of some eighty-five shares of stock in a local telephone company, by the respondent to the appellant, and the dispute was whether the price per share was $50 or $55, respondent having received $50 per share and claiming the difference of $5, or $425. At the trial it developed that after some oral negotiations in the month of June, 1917, the parties met and plaintiff transferred the eighty-five shares to defendant, who at the same time made out and delivered to plaintiff a writing, of which the following is a copy:

"NEW EGYPT, June 30th, 1917.

"Received from George L. Shinn 85 shares of Farmers' Telephone Co. stock—I agree to pay (par $50) per share cash in ten days from date or return the said 85 shares.

HENRY M. BLACK."

Defendant, concededly, did not return the shares and did pay $50 per share. But plaintiff claimed that there was an

additional oral agreement whereby defendant agreed to pay $5 per share extra when he had turned the stock over to the other telephone company for whom he was buying it, and had received his money from that company; and plaintiff's claim to a recovery rested solely on such alleged oral agreement. Plaintiff testified that such an agreement had been made earlier in the month, and had been alluded to at the time the writing was executed and delivered, and the court, over a motion to nonsuit, and another motion to direct a verdict for defendant on the ground that the agreement contained in the writing could not be varied or contradicted by parol evidence, left it to the jury to say whether such an oral agreement had been made, and instructed them that in that case plaintiff was entitled to recover, and the jury found accordingly for plaintiff.

It was error to permit the jury to consider the oral agreement. Apart from the fact that there appears to be no evidence that defendant ever "got his money from the telephone company," the court should have directed a verdict for defendant on the broader ground that the writing was on its face a complete contract, and that under well-settled rules it could not be contradicted, varied or added to by parol evidence. On this subject our leading case is *Naumberg* v. *Young*, 44 *N. J. L.* 331, which has many times been cited and relied on in this court, and the general rule that a written contract shall be the only evidence of the contract as finally concluded, was therein declared to be subject to only two exceptions, first, where the contract was on its face incomplete, and secondly, parol evidence of a *collateral* contract on a subject *distinct* from that of the written contract may be received. Later cases illustrating the rule and its exceptions are: *Stephens-Adamson Co.* v. *Bigelow*, 84 *Id.* 585; *affirmed*, 86 *Id.* 707; *Brautigam* v. *Dean & Co.*, 85 *Id.* 549; *American Surety Co.* v. *Mason*, 87 *Id.* 290; *Newcomb* v. *Kloeblen*, 77 *Id.* 791; *Loxley* v. *Studebaker*, 75 *Id.* 599.

The case at bar is not within either of the exceptions, and, consequently, there should have been a direction of verdict

for defendant, and it was error to refuse it. Let the judgment be reversed, to the end that a *venire de novo* issue.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, KATZENBACH, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, ACKERSON, VAN BUSKIRK, JJ. 15.